Paul E. Burns (State Bar No. 208731)
paul.burns@procopio.com
Stephen C. Beuerle (State Bar No. 181990)
stephen.beuerle@procopio.com
Mathieu G. Blackston (State Bar No. 241540)
mathieu.blackston@procopio.com
Procopio, Cory, Hargreaves & Savitch LLP
525 B Street, Suite 2200
San Diego, CA 92101-4469
Tel:    (619) 238-1900
Fax:   (619) 235-0398

Attorneys for Plaintiff
CP MANUFACTURING, INC.

Frederic M. Douglas (Bar No. 212778)
fdouglas@cox.net
15333 Culver Drive, Suite 340
Irvine, CA 92604-3051
Telephone:   (949) 293-0442
Facsimile:   (949) 203-8768

Attorney for Defendants
RODNEY HENRY SEWELL, REINA SEWELL,
& ROBERT WILLIAM CARLILE, JR.

## THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| CP MANUFACTURING, INC., a California Corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>RODNEY HENRY SEWELL, REINA SEWELL, and ROBERT WILLIAM CARLILE, JR.,<br><br>          Defendants, | Case No.:  8:10-cv-01297-JVS (MLGx)<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER** |

1

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order:

**A.**     **INFORMATION SUBJECT TO THIS ORDER**

1.     For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information, items or material produced for or disclosed to a Receiving Party that a Producing Party, including any party to this action and any non-party producing information, items or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets and/or other confidential technical, product, design, sales, marketing, customer, financial, or other commercial information, whether embodied in physical objects, documents, Electronically Stored Information ("ESI"), or the factual knowledge of persons, and which has been designated by the Producing Party.  Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter, i.e. for prosecuting, defending or attempting to settle this litigation.

2.     Any document, ESI or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party by affixing the legend "CONFIDENTIAL" to each page of the material sought to be designated.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s).

3.     At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL" by the reporter.  Any

2

1    portions so designated shall thereafter be treated in accordance with the terms of this

2    Order.

3         4.     All CONFIDENTIAL INFORMATION not reduced to documentary, ESI,

4    tangible or physical form or which cannot be conveniently designated, as set forth in

5    Section A.2, shall be designated by the Producing Party by informing the Receiving Party

6    of the designation in writing (such as in the form of electronic mail).  Any documents,

7    ESI and/or physical objects made available for inspection by counsel for the Receiving

8    Party prior to producing copies of selected items shall initially be considered, as a whole,

9    to constitute "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" (as described

10    in more detail in Section D below) and shall be subject to this Order.  After the Receiving

11    Party has identified the documents and/or ESI that it wants copied and produced, the

12    Producing Party shall have a reasonable time to review and designate the appropriate

13    documents as CONFIDENTIAL INFORMATION or "HIGHLY CONFIDENTIAL

14    INFORMATION – ATTORNEYS' EYES ONLY" or HIGHLY CONFIDENTIAL –

15    AEO – PATENT PROSECUTION BAR INFORMATION prior to furnishing copies to

16    the Receiving Party.

17         5.     The following information is not CONFIDENTIAL INFORMATION:

18         a.     Any information which at the time of disclosure to a Receiving Party

19    is in the public domain;

20         b.     Any information which, after its disclosure to a Receiving Party,

21    becomes part of the public domain as a result of publication not involving a violation of

22    this Order;

23         c.     Any information that the Receiving Party can show was already

24    known to it prior to the disclosure; and

25         d.     Any information that the Receiving Party can show, by written

26    records, was received by it after the disclosure from a source who obtained the

27    information lawfully and under no obligation of confidentiality to the Producing Party.

28

**B.**   <u>**NO WAIVER OF PRIVILEGE**</u>

Inspection or production of documents, ESI and/or  physical objects shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege, trade secret protection and/or protection under this Order as "CONFIDENTIAL INFORMATION", as "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY", or as "HIGHLY CONFIDENTIAL – AEO – PATENT PROSECUTION BAR INFORMATION"  if, as soon as reasonably practicable after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents, ESI and/or physical objects as within the attorney-client privilege, work product immunity, or any other applicable privilege or trade secret or protection under this Order and requests return of such documents, ESI and/or physical objects to the Producing Party.  Upon request by the Producing Party, the Receiving Party immediately shall return or destroy all copies of such inadvertently produced document(s), ESI and/or physical objects.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective electronic back-up systems that are over-written in the normal course of business.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or trade secret or other protection designation by submitting a written challenge to the Court.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rules of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**C.**   <u>**DISCOVERY RULES REMAIN UNCHANGED**</u>

Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for

4

the Central District of California, or the Court's Docket Control Orders and Discovery Orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, and the deadlines set forth in the Court's Docket Control Orders and Discovery Orders.

**D.**     **INFORMATION DESIGNATED HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY**

1.     CONFIDENTIAL INFORMATION may be additionally designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  The "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" designation is reserved for CONFIDENTIAL INFORMATION that constitutes proprietary, financial, product, design or technical data or commercially sensitive competitive information, including, without limitation CONFIDENTIAL INFORMATION obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), CONFIDENTIAL INFORMATION relating to future products not yet commercially released, customer information, sales plans, marketing plans, strategic plans, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.  Documents, ESI and/or physical objects designated HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY and information contained therein shall be available only to:

(a)     outside litigation counsel of record and supporting personnel employed by those attorneys as described in Section F.1. below (not including in-house counsel),

(b)     technical advisers as described in Section F.2 below and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the Court and its personnel;

5

(d)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)      the author or authorized recipient of a document or ESI containing the information or a custodian or other authorized person who otherwise possessed or knew the information.

**E.      INFORMATION DESIGNATED HIGHLY CONFIDENTIAL – AEO – PATENT PROSECUTION BAR INFORMATION**

CONFIDENTIAL INFORMATION may be additionally designated "HIGHLY CONFIDENTIAL – AEO – PATENT PROSECUTION BAR INFORMATION."  The "HIGHLY CONFIDENTIAL – AEO – PATENT PROSECUTION BAR INFORMATION" designation is reserved for CONFIDENTIAL INFORMATION that is extremely sensitive and may cause prejudice if shown to non-attorneys or attorneys who are engaged in Prosecution Activity in the field of recycling equipment. Such information may include confidential research and development information or other information that can be used to prepare or prosecute a patent application dealing with such subject matter. "Prosecution Activity" means drafting, filing, or prosecuting, or assisting in drafting, filing, or prosecuting, a new or currently pending patent application, including a reissue application, in the United States or outside the United States.

The Receiving Party shall not use HIGHLY CONFIDENTIAL – AEO – PATENT PROSECUTION BAR INFORMATION for any purpose not directly related to this litigation or to any copending reexamination of a patent asserted in this litigation, where the reexamination was initiated by or for the Designating Party. Documents, ESI and/or physical objects designated HIGHLY CONFIDENTIAL – AEO – PATENT PROSECUTION BAR INFORMATION and information contained therein shall be available only to:

6

(a)   outside litigation counsel of record and supporting personnel employed by those attorneys as described in Section F.1. below (not including in-house counsel) who have agreed to refrain from engaging in any Prosecution Activity in the field of recycling equipment for a period commencing upon receipt of such information and ending one year following final termination of this litigation, including appeals,

(b)   technical advisers as described in Section F.2 below and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   the Court and its personnel;

(d)   court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)   the author or authorized recipient of a document or ESI containing the information or a custodian or other authorized person who otherwise possessed or knew the information.

Notwithstanding any other provision of this Protective Order, (1) Mr. Rodney Henry Sewell, Ms. Reina Sewell, Mr. Robert William Carlile, or any owner, member, shareholder, director, manager, employee (including, but not limited to, any in-house counsel), independent contractor, and/or customer of any entity in which any of them (a) have any form of ownership interest, (b) is a shareholder, (c) is a member, (d) is a director, (e) is a manager, (f) is an officer, and/or (g) is an employee; and (2) Mr. Robert M. Davis, and any owner, officer, director or employee or customer of CP Manufacturing, Inc., (including but not limited to any in-house counsel), independent contractor, and/or customer of any entity in which any of them (a) have any form of ownership interest, (b) is a shareholder, (c) is a member, (d) is a director, (e) is a manager, (f) is an officer, and/or (g) is an employee shall not have access to information designated "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - AEO - PATENT PROSECUTION BAR INFORMATION.

**F.**     **PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL**

**INFORMATION**

Subject to the limitations for HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designations as described in the previous sections, the following shall have access to documents, ESI and/or physical objects designated as CONFIDENTIAL:

1.     Counsel.  Counsel for a Receiving Party shall have access to the Producing Party's information designated CONFIDENTIAL.   The term "counsel" shall mean attorneys for the Plaintiff, and the Defendants, working on this litigation, including both outside and in-house counsel, and including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, independent legal translators retained to translate in connection with this action, independent shorthand reporters retained to record and transcribe testimony in connection with this action, graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions, and non–technical jury or trial consulting services, including mock jurors, retained by counsel.  Before any person other than counsel and counsel's employees and in-office independent contractors providing litigation support, may have access to such CONFIDENTIAL   INFORMATION,   such     person   shall   have   signed     the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2.     Technical Advisers.  Information designated CONFIDENTIAL or HIGHLY – CONFIDENTIAL - ATTORNEYS' EYES ONLY of a Producing Party, and such copies, as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to technical advisers.  The term "technical adviser" shall mean an outside consultant or consulting or testifying expert witness with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.  Should a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a Producing Party's CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

8

INFORMATION to a technical adviser, no prior notice to the Producing Party shall be required if (a) the technical adviser is not a current owner, shareholder, member, manager, director, officer, employee or consultant (other than as a technical advisor in this litigation) of an entity engaged in the business of manufacturing, distributing or selling discs used in recycling equipment, or anticipated to become one, and (b)  the technical adviser shall have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  If a person not meeting the criteria in (a) above is sought by the Receiving Party to be a technical advisor, then the Receiving Party shall first give written notice to the Producing Party.   Such written notice shall include the technical adviser's resume, curriculum vitae or other information adequate to identify the individual's current employer and employment history for the past five (5) years, including consulting relationships.   The Producing Party may object to the disclosure of the information to such technical adviser by notifying the Receiving Party of any objection within 5 days of receiving written notice of the Receiving Party's request to disclose the CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information to such technical adviser and by filing a motion showing good cause why the information or portions thereof should not be disclosed to such person within 10 days of receiving such written notice.  Except by further order of this Court, no CONFIDENTIAL or HIGHLY – CONFIDENTIAL - ATTORNEYS' EYES ONLY information shall be disclosed to such technical adviser until after the expiration of a 10-day period commencing with the receipt by the opposing party of such notice or, if a motion is made within that period, until the matter has been ruled upon by this Court or otherwise resolved.  No disclosure of CONFIDENTIAL  or  HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information shall be made to any technical adviser unless the person to whom the disclosure is to be made shall first have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) stating that he or she has read and understands this Order and agrees to be bound by its terms.  Identification of a technical adviser under this Protective

9

Order is not a waiver of any applicable consultant or work product privilege, and does not by itself subject the technical adviser to any discovery.

**G.      CONTROL GROUP OF EMPLOYEES / MANAGERS / MEMBERS OF THE CORPORATE BOARD OF DIRECTORS**

Subject to the provisions below, CONFIDENTIAL INFORMATION of a Producing Party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed by counsel for a Receiving Party to a control group of no more than four (4) individuals who are employees, managers and/or members of the corporate board of directors of such Receiving Party with responsibility for maintaining, defending or evaluating this litigation (and supporting personnel).   Should counsel for a Receiving Party find it necessary for maintaining, defending or evaluating this litigation to disclose a Producing Party's CONFIDENTIAL INFORMATION to a control group, counsel for the Receiving Party shall first obtain from such individual a signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) stating that he or she has read and understands this Order and agrees to be bound by its terms.   Such written agreement shall be retained by counsel for the Receiving Party, but need not be disclosed to the Producing Party.

**H.      CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

1.      The parties shall use reasonable care when designating documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.   Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY have been improperly designated.   A Receiving Party may at any time request that the Producing Party cancel or modify the CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY designation with respect to any document or information contained therein.

2.      A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated or not designated at all.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If an agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY designation.   The burden of demonstrating the confidential nature of any information shall at all times be and remain on the Producing Party who made the designation.  Notwithstanding anything herein to the contrary, the parties acknowledge that disputes regarding designation of information and/or any other matters under this Stipulated Protective Order are governed by Local Rules 37-1 and 37-2.

## I.      LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

1.      CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.   All produced CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

2.      Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

a.      A present director, officer, and/or employee of a Producing Party (who is designated to testify by the Producing Party and who is permitted to have access

1   to such information)  may be examined and may testify concerning all CONFIDENTIAL

2   and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information which has

3   been produced by that party;

4              b.      A former director, officer, agent and/or employee of a producing

5   party may be examined and may testify concerning all CONFIDENTIAL and HIGHLY

6   CONFIDENTIAL - ATTORNEYS' EYES ONLY information of which he or she has

7   authorized   prior   knowledge,   including   any   CONFIDENTIAL   and   HIGHLY

8   CONFIDENTIAL - ATTORNEYS' EYES ONLY information that refers to matters of

9   which the witness has authorized personal knowledge, which has been produced by that

10  party and which pertains to the period or periods of his or her employment; and

11             c.      Non-party witnesses may be examined or testify concerning any

12  document   containing   CONFIDENTIAL   and   HIGHLY   CONFIDENTIAL   -

13  ATTORNEYS' EYES ONLY information of a Producing Party which appears on its face

14  or from other documents or testimony to have been received from or communicated to the

15  non-party witness as a result of any contact or relationship with the Producing Party or a

16  representative of the Producing Party.  Any person other than the witness, his or her

17  attorney(s),   or   any   person   qualified   to   receive   CONFIDENTIAL   and   HIGHLY

18  CONFIDENTIAL - ATTORNEYS' EYES ONLY information under this Order shall be

19  excluded from the portion of the examination concerning such information, unless the

20  Producing Party consents to persons other than qualified recipients being present at the

21  examination.  If the witness is represented by an attorney who is not qualified under this

22  Order to receive such information, then prior to or at the examination, the Producing Party

23  shall request that the attorney provide a signed statement, in the form of Exhibit A hereto,

24  that he or she will comply with the terms of this Order and maintain the confidentiality of

25  CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

26  information disclosed during the course of the examination.  In the event that such

27  attorney declines to sign such a signed statement prior to the examination, the parties, by

28  their attorneys, shall jointly seek a protective order from the Court prohibiting the

1   attorney from disclosing CONFIDENTIAL and HIGHLY CONFIDENTIAL -

2   ATTORNEYS' EYES ONLY information.

3       3.      All transcripts of depositions, exhibits, answers to interrogatories,

4   pleadings, briefs, and other documents submitted to the Court which have been designated

5   as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

6   information or which contain information so designated, shall be filed in sealed envelopes

7   or other appropriate sealed containers on which shall be endorsed the title of this matter,

8   an indication of the nature of the contents of such sealed envelope or other container, the

9   words "CONFIDENTIAL INFORMATION – UNDER PROTECTIVE ORDER," and a

10  statement substantially in the following form:

11          "This envelope contains confidential information filed in this
            case by (name of party) and is not to be opened nor the
12          contents thereof to be displayed or revealed except by order of
            the Court presiding over this matter."
13

14  Notwithstanding anything in this Section to the contrary, the parties shall comply

15  with the Local Rules, e.g., L.R. 79-5, and all Orders of this Court regarding the filing of

16  sealed information.

17      4.      Nothing in this Order shall prohibit the transmission or communication of

18  CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

19  information between or among qualified recipients:

20          a.      By hand delivery;

21          b.      In sealed envelopes or containers via mail or an established freight,

22  delivery or messenger service; or

23          c.      By telephone, facsimile, e-mail or other electronic transmission

24  system; where, under the circumstances, there is no reasonable likelihood that the

25  transmission will be intercepted or misused by any person who is not a qualified recipient.

26      5.      CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

27  ONLY information shall not be copied or otherwise produced by a Receiving Party,

28  except for transmission to qualified recipients, without the written permission of the

13

producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed CONFIDENTIAL or HIGHLY – CONFIDENTIAL - ATTORNEYS' EYES ONLY information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information, in whatever form stored or reproduced, shall be limited to qualified recipients.

**J.     NONPARTY USE OF THIS PROTECTIVE ORDER**

1.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information pursuant to the terms of this Stipulated Protective Order.

2.     A nonparty's use of this Stipulated Protective Order to protect its CONFIDENTIAL or HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY information does not by itself entitle that nonparty access to CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information produced by any party in this case.

**K.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, that party must:

14

1    (a)    Promptly notify in writing the Producing Party, if permitted by law.

2    Such notification shall include a copy of the subpoena or court order;

3    (b)    Promptly notify in writing the party who caused the subpoena or

4    order to issue in the other litigation that some or all of the material covered by the

5    subpoena or order is subject to this Stipulated Protective Order. Such notification shall

6    include a copy of this Stipulated Protective Order; and

7    (c)    Cooperate with respect to all reasonable procedures sought to be

8    pursued by the Producing Party whose designated information may be affected.

9    If the Producing Party timely seeks a protective order, the Party served with

10   the subpoena or court order shall not produce any information designated in this action as

11   CONFIDENTIAL or  HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

12   before a determination by the court from which the subpoena or order issued, unless the

13   party has obtained the Producing Party's permission.  The Producing Party shall bear the

14   burden and expense of seeking protection in that court of its confidential material, and

15   nothing in these provisions should be construed as authorizing or encouraging a

16   Receiving Party in this action to disobey a lawful subpoena or directive from another

17   court.

18   **L.     AGREEMENT TO NEGOTIATE ADDITIONAL PROVISIONS**

19   **REGARDING SOURCE CODE, IF SOURCE CODE IS TO BE PRODUCED**

20   The parties recognize that the confidentiality and limitations of access to computer

21   source code is particularly sensitive.  At present, the parties have not determined whether

22   disclosure of computer source code will be necessary in this case.  In the event that one or

23   more parties determines, sufficiently in advance of the Court's fact discovery cut-off in

24   this case, that disclosure of computer source code is necessary in this case, the parties

25   agree to work together to determine a process that is acceptable to both parties and that

26   adequately protects the computer source code to be produced.

27   ///

28   ///

15

**M.      MISCELLANEOUS PROVISIONS**

1.      Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

2.      Nothing in this Stipulated Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, trade secret protection, or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, work product doctrine, trade secret protection, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, protection, doctrine, right, or immunity.  Any party that inadvertently produces materials protected by the attorney-client privilege, work product doctrine, trade secret protection, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for the inadvertently produced materials.  The recipient(s) shall then gather and return all copies of the privileged material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party.

3.      Inadvertent or unintentional production of documents or information containing CONFIDENTIAL and/or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information which are not designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, ESI and/or physical objects, the Producing Party shall immediately notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.

16

4.     In the event of any unintentional or inadvertent disclosure of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information other than in a manner authorized by this Stipulated Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, requesting return of all copies of the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information from the recipient(s) thereof, and making reasonable attempts to secure the agreement of the recipients not to further disseminate the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information in any form.  Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

5.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at its option, either return to the Producing Party or destroy all physical objects, and documents and ESI which embody CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information which were received from the Producing Party, and shall destroy in whatever form stored or reproduced, all physical objects, and documents and ESI, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information; provided, that all CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information, shall remain subject to this Order. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective electronic back-up systems that are over-written in the normal course of business.  Notwithstanding the foregoing, counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and

17

1    responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial

2    transcripts, and exhibits offered or introduced into evidence at any hearing or trial.

3              6.    This Order is entered without prejudice to the right of any party to apply to

4    the Court at any time for additional protection, or to relax or rescind the restrictions of

5    this Order, when convenience or necessity requires. No modification by the parties shall

6    have the force or effect of a Court order unless the Court approves the modification.

7              7.    The United States District Court for the Central District of California is

8    responsible for the interpretation and enforcement of this Stipulated Protective Order.  All

9    disputes concerning CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS'

10   EYES ONLY information produced under the protection of this Stipulated Protective

11   Order shall be resolved by the United States District Court for the Central District of

12   California.

13             The foregoing Stipulated Protective Order is hereby APPROVED.

14

15   **So ORDERED and SIGNED this 18th day of April, 2011.**

16

17                                                    _____

18                                                    **Hon. Marc L. Goldman**
                                                      **UNITED STATES MAGISTRATE JUDGE**

19

20

21

22

23

24

25

26

27

28

1
2
3

**THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| 4  CP MANUFACTURING, INC., a<br>5  California Corporation,<br><br>6              Plaintiff,<br>7        vs.<br>8<br>9  RODNEY HENRY SEWELL, REINA<br>   SEWELL, and ROBERT WILLIAM<br>10 CARLILE, JR.,<br>11          Defendants, | Case No.:  8:10-cv-01297-JVS (MLG)<br><br>**EXHIBIT A TO STIPULATED PROTECTIVE ORDER** |

12

13                           <u>**AGREEMENT TO BE BOUND BY**</u>

14                 <u>**STIPULATED PROTECTIVE ORDER**</u>

15      I, _____, state:

16     1.     I reside in _____

17     2.     My present employer is _____

18     3.     My present occupation or job description is _____

19     4.     I have read the Stipulated Protective Order dated _____

20 , 2011, and have been engaged as _____

21 ___ on behalf of _____ in the preparation and conduct of

22 litigation styled CP MANUFACTURING, INC. V. RODNEY HENRY SEWELL, ET

23 AL., Case No. 8:10-cv-01297-JVS (MLG).

24     5.     I am fully familiar with and agree to comply with and be bound by the

25 provisions of said Order.  I understand that I am to retain all copies of any documents,

26 Electronically Stored Information (ESI) and/or physical objects designated as

27 CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

28 information in a secure manner, and that whereupon the copies and any writings prepared

1

_____
EXHIBIT A: STIPULATED PROTECTIVE ORDER

by me containing any CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information are to be returned to counsel who provided me with such material.

6. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any assistants, who are required to assist me, of the terms of said Order and I will direct these assistants to comply with the terms of said Order.

7. In accordance with Section F.2 of the Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past five (5) years, including all consulting relationships.

I state under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on this ___ day of _____, _____.


_____

2